UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re:<br><br>Richard J. Klarchek,<br><br>    Debtor. | ) ) ) ) ) ) ) ) | Case No. 10bk44866<br><br>Chapter 7<br><br>Judge Timothy A. Barnes |
| Richard J. Mason, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>RJK Investors, an Illinois general partnership, Helen M. Sirakides, as Trustee of the Helen M. Sirakides Trust, James V. Elides, Barbara Kirkpatrick, as Trustee of the Delores Tolson Trust, and Robert C. Pekarek, Individually or as Trustee of Managerial Psychology Ltd. Pension Plan,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary No. 13ap00631 |

TIMOTHY A. BARNES, Judge.

MEMORANDUM DECISION

    The matters before the court are Richard J. Mason's (the "Trustee") Motion to Strike Answers (the "Motion to Strike") filed by Defendant RJK Investors ("RJK"), an Illinois general partnership, and the Trustee's Motion for Default Judgment against RJK (the "Motion for Default Judgment"). Upon review of the parties' respective filings and after holding hearings on the matters, the court finds that the untimely answers filed by RJK should be stricken as late and filed without leave of the court and that RJK failed to show "excusable neglect" pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) ("Rule 9006(b)(1)"). The Motion to Strike will therefore be granted. As a result, RJK, having failed to file timely a responsive pleading to the Trustee's complaints, is in default. Accordingly, the Motion for Default Judgment will also be granted.

1

JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code (the "Bankruptcy Code"). 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under title 11 of the United States Code, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). District courts may, however, refer these cases to the bankruptcy judges for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Northern District of Illinois has referred all of its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a).

A bankruptcy judge to whom a case has been referred may enter final judgment on any core proceeding arising under the Bankruptcy Code or arising in a case under title 11. 28 U.S.C. § 157(b)(1). A motion to strike answers filed in response to complaints in an adversary proceeding is a procedural device for the court in administrating such proceeding and is core matter within the jurisdiction of a bankruptcy court, pursuant to 28 U.S.C. § 157(b)(2)(A). *Bourdeau Brothers, Inc. v. Michael F. Montagne (In re Montagne)*, No. 08-10916, Adv. No. 08-1024, 2010 WL 271347, at *1 (Bankr. D. Vt. Jan. 22, 2010). A default judgment is a final order. *Wellness Intern. Network, Ltd. v. Sharif*, 727 F.3d 751, 778 (7th Cir. 2013).

A bankruptcy court may enter default judgment on core claims, 28 U.S.C. § 157(b)(1), but absent consent of the parties to a final adjudication of noncore claims by a bankruptcy judge, in noncore matters, may only submit proposed findings of facts and conclusions of law to the district court for *de novo* review of timely objections and entry of final judgment. *Wellness*, 727 F.3d at 778; 28 U.S.C. § 157(c)(1)-(2); Fed. R. Bankr. P. 9033. "A non-core proceeding is 'related' to a bankruptcy case only when 'it affects the amount of property available for distribution or the allocation of property among creditors.'" *In re Olde Prairie Block Owner, LLC*, 457 B.R. 692, 699 (Bankr. N.D. Ill. 2011) (Schmetterer, J.) (*quoting In re Xonics, Inc.*, 813 F.2d 127, 130 (7th Cir. 1987)).

In the matter before the court, there exist some counts that are core and some that are noncore. Counts III and IV of the amended complaint (the "Amended Complaint") seek to avoid fraudulent transfers under 11 U.S.C. §§ 544 and 548. Claims to avoid fraudulent transfers are core proceedings under 28 U.S.C. § 157(b)(2)(H) and proceedings in which this court has constitutional authority to enter final orders. *In re Kimball Hill, Inc.*, 480 B.R. 894, 907 (Bankr. N.D. Ill. 2012) (Barnes, J.).[1] Accordingly, final judgment is within the scope of the court's authority as to Counts III and IV.

Count I of the Trustee's Amended Complaint seeks damages for an alleged breach of an agreement; Count II of the Amended Complaint seeks damages for alleged unjust enrichment. "Contract claims of an estate that are only within the 'related-to' jurisdiction are not core proceedings." *United Air Lines, Inc. v. The City of Los Angeles (In re UAL Corp.)*, 391 B.R. 791, 795

---

[1] The court recognizes that its position with respect to its constitutional authority in this regard is at odds with other courts that have applied *Stern v. Marshall*, 131 S. Ct. 2594 (2011), in this context and that the case cited was not tested on appeal. For that reason, the court respectfully requests that its judgment with respect to Count IV of the Amended Complaint brought under 740 ILCS 160/1, the Illinois Uniform Fraudulent Transfer Act, be accepted as proposed findings and conclusions should this matter be appealed and the District Court disagree with this court's position on this court's constitutional authority.

(Bankr. N.D. Ill. 2008) (Wedoff, J.) (*citing Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989)). Similarly, claims based on unjust enrichment theories are deemed noncore. *In re K & R Express Sys., Inc.*, 382 B.R. 443, 447 (N.D. Ill. 2007). Accordingly, the court requests that the District Court treat this Memorandum Decision as proposed findings of fact and conclusions of law as to Counts I and II.

## PROCEDURAL HISTORY

In considering the Motion to Strike and the Motion for Default Judgment (collectively, the "Motions"), the court has considered the arguments of the parties at the December 10, 2013 and the February 12, 2014 hearings on the Motions, and has reviewed and considered the following filed documents:

(1) Complaint to Recover Advances and Avoid Transfers [Docket No. 1] (the "Complaint");

(2) Summons in an Adversary Proceeding [Docket No. 2];

(3) Certificate of Service [Docket No. 12];

(4) Amended Complaint to Recover Advances and Avoid Transfers [Docket No. 21];

(5) Alias Summons in an Adversary Proceeding [Docket No. 23];

(6) Certificate of Service [Docket No. 27];

(7) Alias Summons in an Adversary Proceeding [Docket No. 36];

(8) Certificate of Service [Docket No. 38];

(9) Trustee's Motion for Entry of a Default Judgment Against Defendant RJK Investors [Docket No. 44];

(10) Defendant RJK Investors' Answer to Complaint [Docket No. 45];

(11) Defendant RJK Investors' Answer to Plaintiff's Amended Complaint [Docket No. 54];

(12) Trustee's Motion to Strike the Answers Filed by Defendant RJK Investors [Docket No. 56];

(13) Joint Discovery Plan [Docket No. 59];

(14) Defendant RJK Investors' Response to Plaintiff's Motion for Default Judgment and Motion to Strike Answer [Docket No. 64]; and

(15) Reply in Support of Trustee's Motion for Entry of a Default Judgment Against Defendant RJK Investors and in Support of Motion to Strike Answer [Docket No. 68].

The court has also taken into consideration any and all exhibits submitted in conjunction with the foregoing. Though these items do not constitute an exhaustive list of the filings in the above-captioned bankruptcy case, the court has taken judicial notice of the contents of the docket in this matter. *See Levine v. Egidi*, No. 93C188, 1993 WL 69146, at *2 (N.D. Ill. Mar. 8, 1993); *Inskeep v. Grosso (In re Fin. Partners)*, 116 B.R. 629, 635 (Bankr. N.D. Ill. 1989) (Sonderby, J.) (authorizing a bankruptcy court to take judicial notice of its own docket).

## FACTUAL BACKGROUND

The core dispute in this case is procedural in nature. The Trustee argues that both answers filed by RJK are untimely and should be stricken as no "cause" to accept the late-filed answers is shown pursuant to Rule 9006(b)(1). RJK, on the other hand, argues that the time to file an answer never ran due to improper service on RJK. In response, the Trustee insists that the service on RJK was proper and that RJK waived the defense of insufficient service by failing to raise it in its responsive pleading.

While the matter before the court is, ultimately, a legal dispute as to whether RJK has waived sufficiency of service and whether the answers should be stricken as time-barred, the facts presented in this proceeding are nonetheless integral to a ruling on the matters. As the arguments raised by the parties are based in large part in fact, the court considers here the facts as they have been presented:

(1)  Prior to the commencement of this case, Richard J. Klarchek (the "Debtor") was a managing general partner of RJK. In the Amended Complaint, the Trustee alleges that in the Debtor's capacity the Debtor loaned or advanced funds to RJK when needed for operations or to cover cash shortfalls. It is the repayment of these loans/advances that is the focus of the Amended Complaint.

(2)  On April 26, 2013, the Trustee filed the Complaint in the above-captioned adversary proceeding against multiple defendants, including RJK, seeking recovery of $371,045 of the loans/advances on contractual and equitable recovery theories. In the alternative, the Trustee sought recovery of certain fraudulent transfers in the net amount of $148,157 pursuant to 11 U.S.C. §§ 548, 544 and 550.

(3)  On April 29, 2013, a summons relating to the Complaint was executed on RJK by serving RJK Investors c/o Richard J. Klarchek by first class mail. Pursuant to Federal Rule of Bankruptcy Procedure 7012(a) ("Rule 7012(a)"), an answer was due by May 28, 2013.

(4)  On June 11, 2013, the Trustee filed the Amended Complaint seeking the same claims as the Complaint but replaced the defendant "Lena Barnett, as trustee of the Deloris Tolson Trust" with defendant "Barbara Kirkpatrick, as trustee of the Delores Tolson Trust."

(5)  On June 12, 2013, a summons relating to the Amended Complaint was executed on RJK by serving RJK Investors c/o Richard J. Klarchek by first class mail. Pursuant to Rule 7012(a), an answer was due by July 12, 2013.

(6) On July 12, 2013, an alias summons was executed on RJK by serving by first class mail 555 Equity Holdings LLC—Berkley Office ("555 Equity"), c/o Jay Klarchek, and Helen M. Sirakides, as trustee of the Helen M. Sirakides Trust, both transferees of a portion of RJK's partnership interest.

(7) As a result of the foregoing, an answer was due no later than August 12, 2013.

(8) No answer was filed by RJK by August 12, 2013. Thereafter, on October 4, 2013, the Trustee filed the Motion for Default Judgment against RJK and a hearing was scheduled for October 22, 2013.

(9) On October 22, 2013, RJK filed an answer to the Complaint that contained a jury demand.

(10) At the hearing later in the same day, October 22, 2013, RJK appeared and, without ruling on the timeliness of RJK's answer, the court set a scheduling conference for December 10, 2013.

(11) On November 25, 2013, RJK filed an answer to the Amended Complaint that again contained a jury demand (collectively with the October 22, 2013 answer, the "Answers").

(12) The next day, on November 26, 2013, the Trustee filed the Motion to Strike, alleging that the Answers were not timely filed and RJK failed to show any "excusable neglect" pursuant to Rule 9006(b)(1). In addition, the Trustee argued that RJK waived the defense of insufficient service as RJK failed to comply with Federal Rule of Civil Procedure 12 ("Rule 12"). A hearing on the Motion to Strike was set for December 10, 2013.

(13) On December 3, 2013, the Trustee filed a joint discovery plan, which included RJK. The Trustee and RJK both maintained that they were not waiving any rights or positions, except for the consent specified in the document.

(14) At the hearing on December 10, 2013, RJK appeared and asserted the issue of insufficient service. The court entered a briefing schedule on the Motions and another hearing was scheduled for February 12, 2014.

(15) On January 10, 2014, RJK filed a timely response to both the Motion to Strike and the Motion for Default Judgment (the "Response"). In the Response, RJK raised the defenses of insufficient service of process and excusable neglect. RJK further alleged that it has meritorious defenses to the Trustee's claims in the Amended Complaint, which weighed against default judgment.

(16) On January 30, 2014, the Trustee filed a timely reply in support of the Motions, alleging that the service was proper and RJK had not demonstrated excusable neglect.

(17) At the hearing on February 12, 2014, RJK again appeared. RJK's counsel stated on the record that RJK was not raising the defense of insufficient service, but instead argued that the time to file an answer never ran due to insufficient service.

## DISCUSSION

As set forth above, the court must determine whether to grant or deny (1) the Motion to Strike the Answers filed by RJK past the answer deadline and without leave of court and (2) the Motion for Default Judgment.

In regard to the Motion to Strike, the Trustee argues that RJK waived its opportunity to challenge the validity of service by failing to raise such a challenge as required by Rule 12(b) in its Answers. The Trustee further argues that RJK failed to show that its belated answers were a result of "excusable neglect." *See* Fed. R. Bankr. P. 9006(b)(1).

RJK concedes that the Motions are interrelated and combines its arguments to the Motions in its Response. In the Response, RJK raises the defense of insufficient service of process, arguing that service on the Debtor, 555 Equity and Helen M. Sirakides Trust was improper; therefore, service had not been effectuated upon RJK, its Answers cannot be deemed late and, consequently, default judgment should not be entered against it. RJK also argued that its belated Answers are indeed "excusable" due to confusion related to the Amended Complaint and issues surrounding service. With respect to the Motion for Default Judgment, RJK specifically argued that service of the motion was improper and that it has meritorious defenses.

Whether to grant the Motion for Default Judgment largely depends on the court's disposition of the Motion to Strike. Only if the court grants the Motion to Strike will the court consider the Trustee's Motion for Default Judgment. Accordingly, the court will first address the issues involved in the Motion to Strike.

A.   <u>Motion to Strike</u>

A court's power to strike a document derives, in part, from Rule 12. Rule 12 is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012. Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court "possess[es] 'considerable discretion' when ruling on a motion to strike." *F.D.I.C. v. Giannoulias*, 918 F. Supp. 2d 768, 771 (N.D. Ill. 2013) (citation omitted); *see also Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) ("it is within the … court's discretion to strike an unauthorized filing"). Once the court decides that any portions of a pleading are stricken, they are then excluded "from pending litigation." *Raleigh v. Mid Am. Nat'l Bank & Trust Co. (In re Stoecker)*, 131 B.R. 979, 982 (Bankr. N.D. Ill. 1991) (Squires, J.).

While motions to strike are disfavored in some contexts, there are circumstances where motions to strike serve to expedite rather than to delay. *Springer v. Okaw Truss, Inc. (In re Top Flight Stairs & Rails, Ltd.)*, 398 B.R. 321, 323 (Bankr. N.D. Ill. 2008) (Goldgar, J.) (*citing Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). In these situations, decisions to strike pleadings are justified.

6

With these principles in mind, the court will consider RJK's defenses of insufficient service of process and excusable neglect.

1. <u>Defense of insufficient service of process</u>

It is a well-established rule that a Rule 12(b)(5) defense of insufficiency of service of process must be raised "in a motion or [the] first responsive pleading." *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991); *see O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F. 2d 1394, 1399 (7th Cir. 1993); *see also Griffin v. State of Wisconsin*, No. 07-1653, 2007 WL 2913892, at *2 (7th Cir. Oct. 5, 2007). The plain language of Rule 12(b) is clear about the manner in which the Rule 12(b) defenses should be raised. Rule 12(b) states, in pertinent part:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading *must be asserted in the responsive pleading* if one is required. But a party may assert the following defenses by motion:
>
> ...
>
> (5) insufficient service of process;
>
> ...
>
> A motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed.

Fed. R. Civ. P. Rule 12(b) (emphasis added).

Failure to comply with the statutory requirements of Rule 12(b) results in a waiver of such defense. Fed. R. Civ. P. Rule 12(h); *Trustees of Cent. Laborers' Welfare Fund*, 924 F.2d at 732; *see also Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 900 (11th Cir. 1990) (characterizing the waiver in Rule 12(h)(1) as "mandatory waiver of the defense of insufficiency of process if not included in a defense motion or responsive pleading."). Rule 12(h) states that a party shall be deemed to have waived the Rule 12(b) defense by: "(B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B)(i) & (ii).

As the facts set forth above make clear, RJK has failed to properly raise the Rule 12(b)(5) defense by bringing a pre-answer motion or by raising it in the Answers. Raising the defense of insufficiency after the answer has been filed and the opposing party has moved for default judgment does not satisfy the requirements of Rule 12(b). *Am. Nat. Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *2 (N.D. Ill. Mar. 29, 2002) ("A party who waits until a motion for default judgment is filed to raise allegedly deficient service does so at its own risk."). Therefore, RJK has waived the defense of insufficient service.

RJK argued at the hearing on February 12, 2014 that its Answers should not be deemed late because, due to improper service on RJK, the time to file an answer never ran. RJK's timing argument is predicated, however, upon the issue of service. As this court has already concluded that RJK waived the defense of service, it follows that it lost all opportunities to challenge the effects of

7

such service. Therefore, RJK's argument that the time period for answer never ran due to improper service is unfounded.[2] Accordingly, the court finds that the Answers were untimely.

### 2. Excusable Neglect

Next, the court need determine whether RJK's belated answer should be allowed pursuant Rule 9006(b)(1). Rule 9006(b)(1) reads, in pertinent part, as follows:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court *for cause shown* may at any time in its discretion ... (2) *on motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of excusable neglect.

*Id.* (emphasis added).

Rule 9006(b)(1) permits a defendant to move for enlargement after the expiration of the specified answer period. *Carlton v. Pollack (In re Carlton)*, 72 B.R. 543, 545 (Bankr. E.D.N.Y. 1987). The party seeking relief bears the burden to demonstrate "excusable neglect," *id.* at 546, and has to prove "'excusable neglect' by a fair preponderance of the evidence." *In re Nat'l Steel Corp.*, 316 B.R. 510, 515 (Bankr. N.D. Ill. 2004) (Squires, J.) (*citing In re Dartmoor Homes, Inc.*, 175 B.R. 659, 665 (Bankr. N.D. Ill. 1994) (Ginsberg, J.)). The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partn.*, 507 U.S. 380, 395 (1993), and is within the sound discretion of the trial court. *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

RJK did not move for an extension of time to file its Answers. Nevertheless, since both parties have addressed excusable neglect in their filings, the court will address the issue of whether RJK's answer was filed late due to excusable neglect under Rule 9006(b)(1).

For RJK's actions to constitute excusable neglect both elements of a two-step test must be satisfied: first, RJK's filing its Answers past the answer deadline must constitute neglect; and second, such neglect must be excusable. *In re Nat'l Steel Corp.*, 316 B.R. at 515-16 (*citing Pioneer*, 507 U.S. at 388).

---

[2] RJK argues that the service on the Debtor, 555 Equity and Helen M. Sirakides Trust is improper and, therefore, service was never properly executed on RJK. Because the court concludes that the defense of insufficient service has been waived, there is no need to address the issue of service. However, the court has considered RJK's argument that service on a general partnership must be made on, under RJK's theory, its sole partner and rejects it. RJK advances an argument that results in RJK being a general partnership with only one partner capable of accepting service on its behalf, something contrary to Illinois law. *See* 805 ILCS 206/202(a) (defining a general partnership as an association of two or more general partners). Even if this court were to accept that Illinois law resulted in the Debtor's disassociation from the partnership upon the commencement of this bankruptcy case, despite the clear *ipso facto* prohibitions in sections 363, 365 and 541 to the contrary, such a result is absurd and contrary to Illinois law. If RJK's argument were taken at face value, the partnership should have dissolved, and until such dissolution was complete, each partner must remain a partner for the purposes of service under 735 ILCS 5/2-205(a); *see also* 805 ILCS 206/702(a). For the reasons stated above, and because RJK's counsel, at the hearing on February 12, 2014, expressly informed the court that RJK had "waived the service," such a determination is not required here.

RJK did not file an answer to the Amended Complaint until three months after the latest answer deadline. RJK argues that such was the result of neglect, and the court accepts as much. *See Robb*, 122 F.3d at 358 (excusable neglect includes "'omissions through carelessness and mistake.'") (*quoting In re Bulic*, 997 F.2d 299, 302 (7th Cir. 1993)); *see also Pioneer*, 507 U.S. at 388 ("The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness.*'") (*quoting* Webster's Ninth New Collegiate Dictionary 791 (1983)) (emphasis in original).

RJK, however, has failed to establish that its neglect is excusable. RJK claims its neglect was "primarily caused by confusion related to the Trustee's 'Amended Complaint' and the misnomer in the description of the parties and the capacity in which they were to be served." This is nothing other than the sufficiency of service argument repackaged and repurposed, and the court rejects it as such.

RJK's remaining argument, vague allegations regarding confusion as to the Amended Complaint, is also not enough to satisfy its burden as to excusable neglect. That argument might explain why two answers were filed, but has no bearing on the timing of the answers. Both were late. Assuming RJK was unsure about which deadline applied, it is still not justified to sit on its rights and wait for two months to file any answers. *See In re Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996) ("Missing a filling deadline because of slumber is fatal."). The court cannot accept confusion caused by the Trustee having filed an amended complaint as excusable neglect for filing a late answer. Plaintiffs may liberally amend prior to an answer, and allowing such amendments to excuse compliance with the rules would afford all parties an excusable neglect argument for nothing other than being confused by what litigation entails.

For the foregoing reasons, the court concludes that RJK's Answers were both filed late and that excusable neglect has not been shown. Therefore, the Trustee's Motion to Strike is well taken.

B.    Motion for Default Judgment

As a result of the foregoing, the court must now determine whether a default judgment should be entered against RJK.

Federal Rule of Civil Procedure 55 ("Rule 55") is made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7055. The language of Rule 55 provides, in pertinent part, that:

> Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). In the Northern District of Illinois, defaults pursuant to Rule 55 are entered by the court, not the clerk. N.D. Ill. Local Bankruptcy Rule 7055-2.

"The grant or denial of a motion for the entry of a default judgment lies within the sound discretion of the trial court," *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983), and is appropriate where defendants fail to timely answer and offer no "justifiable excuse for their conduct." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th

9

Cir. 1990); *Arnold v. Boatmen's Nat. Bank of Belleville*, No. 95-2223, slip op. at 1 (7th Cir. June 25, 1996) (stating that a court has discretion to enter default judgment absent excusable neglect for the untimely answer) (internal citation omitted).

RJK's arguments in opposition to the Motion for Default Judgment can be boiled down to two issues: service and merits.

With respect to the former argument, the court need not revisit the issues surrounding the service. As the court has concluded that RJK waived the defense of insufficient service of the Complaint or the Amended Complaint, this argument is rejected. Service of the Motion for Default Judgment, however, has not yet been considered.

The entry of default judgment is a final disposition of the case. *See Wellness*, 727 F.3d at 778. For that reason, courts carefully examine how a motion for default judgment is served on a party. *Mullane v. C. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (It is a long-standing principle that "in any proceeding which is to be accorded finality," due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Only after a defendant is provided with adequate notice that has satisfied the due process requirement may the court then determine whether to enter default judgment against it.

Here, regardless of whether service of the Motion for Default Judgment on RJK was inadequate pursuant to the rules of service, RJK has clearly been afforded actual notice and opportunity to be heard. RJK's counsel appeared at all three hearings on the Motion for Default Judgment. RJK requested and was granted time to file a response. As such, RJK cannot argue that it did not have actual notice. Due process only requires notice that can be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane*, 339 U.S. at 314, and due process is "more than satisfied" where the party received actual notice of the proceeding. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 261 (2010). Accordingly, the service of the Motion for Default Judgment on RJK is satisfactory.

As to the latter argument, RJK argues that it has meritorious defenses to the Trustee's claims, which weighs against the entry of default judgment and that the court may not enter a default judgment where doing so may defeat on the merits the claims of the other defendants. RJK also argues that the court may not enter a default judgment as the complaint does not support a claim for relief. The court will consider each in turn.

1. Prejudice to other defendants

RJK's argument that the court may not enter a default judgment "since other defendants have answered" is without merit. Federal Rule of Civil Procedure 54 ("Rule 54"), made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7054, expressly authorizes the court to enter default judgment "when multiple parties are involved." The rule provides, in pertinent part, that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or *when multiple parties are involved, the*

> *court may direct entry of a final judgment as to one or more*, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54. (emphasis added). RJK has made no arguments with respect to Rule 54 and the court concludes that there is no just reason to delay entry of a default judgment against RJK. Therefore, pursuant to Rule 54, the court may enter a default judgment.

RJK relies on *Neilson v. Chang (In re First T. D. & Inv., Inc.)*, 253 F.3d 520 (9th Cir. 2001), in this regard. In *Neilson*, the Ninth Circuit held that "the bankruptcy court abused its discretion by certifying as final default judgments" where the result was inconsistent rulings as between defendants. *Id.* at 532. The Ninth Circuit relied on *Frow v. De La Vega*, where the United States Supreme Court found that entry of default judgment against some, but not all, jointly liable defendants was inappropriate. 82 U.S. 552, 554 (1872).

The Seventh Circuit, however, "has read narrowly the restriction on inconsistent judgments established in *Frow*." *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 812 (7th Cir. 1987). The Seventh Circuit's interpretation in *Westinghouse* is illustrative. *Westinghouse Electric Corp. v. Rio Algom Limited (In re Uranium Antitrust Litig.)*, 617 F.2d 1248 (7th Cir. 1980). In *Westinghouse*, the Seventh Circuit expressly held that the *Frow* rule applied only to cases involving "joint liability" or "a single *res* in controversy," *id.* at 1257-58, and was not intended for situations "when different results as to different parties are not logically inconsistent or contradictory." *Id.* at 1257. More specifically, the *Westinghouse* court did not apply the *Frow* rule in the context of "joint and several liability." In that context, the Seventh Circuit saw no contradiction that the defaulting defendants might be found liable and "the remaining defendants would be exonerated." *Id.*; *see Marshall & Ilsley Trust Co.*, 819 F.2d at 812; *see also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2nd Cir. 1976).

Entry of default judgment against RJK does not therefore contradict the result in *Frow*. While RJK has failed to address whether this matter is one of joint liability or of joint and several liability, the case law answers this question. Joint and several liability is an appropriate remedy for a fraudulent transfer cause of action. *Miller v. Prathipati (In re Prathipati)*, No. 02-92402, 2005 WL 147051, at *4 (Bankr. C.D. Ill. Jan. 4, 2005) (entering judgment jointly and severally after finding that the "transfer was both an avoidable preference under 11 U.S.C. § 547, as well as an avoidable fraudulent transfer under 11 U.S.C. § 548 and the Illinois Uniform Fraudulent Transfer Act."), particularly with respect to the liability of partners. Illinois law provides general partners are jointly and severally liable with the partnership for all of the partnership's obligations, 805 ILCS 206/306, and RJK concedes as much in its Response, when it states that "[a]s the managing general partner of a general partnership, [the Debtor] was jointly and severally liable for all obligations of the partnership."[3] Accordingly, RJK's argument does not stand and a default judgment is appropriate irrespective of the to-be-determined results on the merits as to the other defendants.

---

[3]    *Westinghouse* is also instructive on this issue. There, the Seventh Circuit stated that joint liability "arises when a tortious act is committed by several persons acting *in concert*," while several liability, "arises when one defendant is found to have committed a tort *without the aid of other defendants*" and a "finding of liability as to one defendant is consistent with a finding of no liability as to the others." *Westinghouse*, 617 F.2d at 1257 (emphasis added).

2. <u>Sufficiency of claims</u>

RJK makes a rather circuitous argument as to why default is substantively inappropriate here. RJK argues in their Response that under Federal Rule of Bankruptcy Procedure 7055, a party "need only show 'cause' to obtain relief from a default." While this argument is novel, it is unnecessarily indirect.[4] What RJK means to argue is simple: The trial court is independently tasked with ensuring the sufficiency of the complaint prior to entering default judgment, even where a party is by the rules entitled to a default. *AT&T Universal Card Services, Corp. v. Sziel (In re Sziel)*, 206 B.R. 490, 493 (Bankr. N.D. Ill. 1997); *In re Hunt's Health Care, Inc.*, 161 B.R. 971, 979 (Bankr. N.D. Ind. 1993). The entry of judgment imposes a high standard, a standard reflected in part in Rule 55 itself (wherein procedures are set forth on quantifying judgment amounts).

Put another way, even if the court accepts a complaint's factual allegations as uncontroverted for the purposes of default judgment, the court should not enter judgment in a matter where, for example, the complaint would not survive a motion to dismiss under Rule 12(b)(6).

Such concerns do not exist here. Even a cursory review of the Amended Complaint is sufficient to demonstrate that the Trustee has sufficiently pled the elements of his cause of action. The Amended Complaint sufficiently pleads its elements, and RJK has failed to answer in accordance with the rules.

The court need not consider the defenses (even potentially meritorious ones) of a defaulting party. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984) (having a meritorious defense is "not sufficient … for relief in the absence of some legitimate excuse for the default.") (internal citation omitted); *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (even if defendant had a meritorious defense, "her failure to demonstrate good cause for her default and quick action to rectify the default is sufficient to deny her motion to vacate the default judgment."); *Zuelzke Tool & Engr. Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991) (refusing to address the issue of meritorious defense because defendant "has not shown that it had good cause for its failure to act and regardless of whether it had a meritorious defense, it failed to present its defense to the court in a timely manner."). To hold otherwise would turn the entire concept of a default on its head. RJK's argument of a meritorious defense, standing alone, will therefore not preclude the entry of a default judgment. The court sees not good cause under the facts at bar to hold otherwise.

---

[4]    RJK acknowledges that as no default or default judgment has been entered, "rules relating to relief from default and default judgments do not technically apply."

12

## CONCLUSION

For the foregoing reasons, the Motions will be granted. Accordingly, the Answers shall be stricken and a default judgment shall be entered against RJK on Counts III and IV. The court shall submit this Memorandum Decision to the District Court as proposed findings and conclusions of law with regard to Counts I and II.

Separate orders will be issued concurrent with this Memorandum Decision.

Date: April 3, 2014

Timothy A. Barnes
United States Bankruptcy Judge